**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BOBBY BROWN, #1124005, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0130-N |
| | ) | (consolidated w/ |
| NATHANIEL QUARTERMAN, Director, | ) | 3:07-CV-0131-N & |
| Texas Department of Criminal Justice, | ) | 3:07-CV-0132-N) |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Allred Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Iowa Park, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening.

Statement of Case: Petitioner entered negotiated pleas to one offense for theft of service, and two offenses for theft of property in the 363rd District Court of Dallas County, Texas, in Cause Nos. F98-02366, F99-00990, and F98-67642. (Petitions at 2). Petitioner also pled true to to two enhancement paragraphs in Nos. F98-02366 and F99-0990, and one enhancement

paragraph in No. F98-67642.  On August 25, 1999, the trial court found the enhancement paragraphs true, followed the plea bargain agreements, deferred adjudicating Petitioner's guilt, and placed him on a ten-year term of community supervision in all three cases.[1]

Thereafter, the State filed motions to adjudicate guilt in Nos. F98-2366-, F99-00990, and F98-67642.  On August 9, 2002, the trial court adjudicated Petitioner guilty in each case and sentenced him to twenty years imprisonment in the first and second case, and forty-five years imprisonment in the third case.  (*Id.* at 2).  Petitioner appealed.  On July 31, 2003, the Court of Appeals affirmed the trial court's judgments.  *Brown v. State*, Nos. 05-02-01370-CR, 05-02-01371-CR, 05-02-02004-CR (Tex. App. -- Dallas 2003, no pet.).[2]

On August 26, 2004, Petitioner filed three state habeas applications pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging the convictions at issue in this case.  *See* Attachment I (Judicial Information for Cause Nos. W99-00990-A, W98-67642-A, and W98-02366-A).  On December 6, 2006, the Texas Court of Criminal Appeals (TCCA) denied the applications without written order on the trial court's findings without a hearing.  *Ex parte Brown*, WR-1,499-07 through -09, http://www.cca.courts.state.tx.us/opinions/Case.asp?Filing

---

[1] Contemporaneously with the above pleas, Petitioner also pled guilty to theft in Cause No. F99-39957, for which the trial court sentenced him to two years imprisonment on August 25, 1999.  Petitioner does not seek to challenge this conviction in the present case.  Moreover, it appears that he is no longer in custody on the basis of this conviction.  *See* Texas Department of Criminal Justice, Offender Information Detail,http://168.51.178.33 /webapp/TDCJ/InmateDetails.jsp?sidnumber=00845855.

[2] The Court of Appeals' decision is attached to the federal petition at Exhibit D. For a copy of the appeal docket sheets consult the following links:
http://www.courtstuff.com/FILES/05/02/05021370.HTM;
http://www.courtstuff.com/FILES/05/02/05021371.HTM;
http://www.courtstuff.com/FILES/05/02/05022004.HTM.

ID=233863, 233936, and 237636 (docket sheet information generated February 20, 2007) (Official internet site of the Texas Court of Criminal Appeals).[3]

On January 18, 2007, Petitioner filed the federal petitions at issue in this consolidated case. (Pets. at 7). He alleged that trial counsel rendered ineffective assistance when he failed to investigate and inform him of a three-year plea offer on all his cases. (Pet's Suppl. Document filed February 5, 2007). He further alleged that his guilty pleas were involuntary because he was unaware of the three-year plea offer. (*Id.* at 4-5). With respect to the revocation proceedings, Petitioner alleged that counsel rendered ineffective assistance when he filed general notices of appeal instead of naming specific issues for appeal. (*Id.* at 4). Lastly, he alleged a denial of due process during the state habeas post-conviction proceedings. (*Id.* at 5-6).[4]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also*

---

[3] In response to the Court's show cause order, Petitioner states that his art. 11.07 applications were filed on July 27, 2004. (Pet's Response at 1). In his federal petitions, he states the art. 11.07 writs were filed on August 12, 2004. (Pets. at 3). Insofar as he urges the Court to find his state applications filed as of the date he placed them in the prison's mail system, this action would nevertheless be time barred and equitable tolling would not apply as set out more fully below. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (declining "to extend the mailbox rule to the determination of filing dates for state habeas applications . . . ." and noting that the proper inquiry is "whether the prisoner is entitled to equitable tolling").

[4] For purposes of this recommendation and in light of the "mailbox rule" adopted by the Fifth Circuit in *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), the Court assumes the petition was placed in the prison mail system on January 2, 2007, the date on which Petitioner signed the same. (Pet. at 9). However, it is difficult to believe that sixteen days expired from the date on which Petitioner placed his petition in the prison mail and the date on which it was filed in this Court on January 18, 2007.

*Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[5]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

(1)  Underlying Guilty Pleas

With respect to the claims challenging his underlying guilty pleas, Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting his grounds became known prior to the date on which Petitioner's deferred adjudication probations became final. Petitioner concedes that he learned about the three-year plea offer shortly after his August 25, 1999 sentencing. (*See* Sept. 3, 1999 letter attached to Pets.

---

[5] On February 20, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed a response to the Court's show cause order on March 2, 2007.

4

as Exh. A).  Therefore, the Court calculates the one-year statute of limitations from the date Petitioner's deferred adjudication probations became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), the Fifth Circuit held that an order of deferred adjudication probation following a plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review.  The Circuit noted that "[u]nder Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'"  *Id.* (quoting Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997).

Applying *Caldwell*'s holding to this case, Petitioner's deferred adjudication probations became final for purposes of § 2244(d)(1)(A) on September 24, 1999, thirty days after Petitioner pled guilty and the trial court deferred adjudication and placed him on community supervision.  The limitations period began to run on September 25, 1999 and expired one year later on September 24, 2000.

Petitioner did not file this federal habeas petition until January 2, 2007, more than six years after the one-year limitation period expired.  Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings.  Petitioner's art. 11.07 applications were not pending in state court during the one-year period.  Therefore, Petitioner's claims challenging his original guilty pleas and the ineffective assistance of counsel during the plea proceedings are time barred unless the one-year period is tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930-

31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  In *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

It is unsurprising that Petitioner took no action to raise the claims related to the voluntariness of his guilty pleas prior to the revocation of his community supervision.  By any standard he had obtained a very favorable disposition of the criminal charges in avoiding a prison term on the three criminal charges at issue in this case, despite the enhancement paragraphs.

Even if Petitioner was unaware of his appeal rights stemming from the orders placing him on community supervision, this is insufficient to warrant application of equitable tolling. Mere ignorance of the law is not a circumstance warranting application of equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (1999) ("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Moreover, Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). As noted above, Petitioner delayed filing his state writs by several years after he was placed on community supervision.  Petitioner's lack of due diligence did not end here.  Upon receiving notice that his state writs had been denied on December 6, 2006, he did not immediately file the

federal petitions at issue in this consolidated case. Rather he waited for an additional 27 days before mailing the same. These delays – clearly of Petitioner's own making – do not constitute due diligence or rare and extraordinary circumstances warranting equitable tolling. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d at 715.

Therefore, Petitioner is not entitled to equitable tolling and the claims relating to his underlying guilty pleas should be dismissed as time barred.

(2)   Revocation Proceedings

Next Petitioner challenges his counsel's conduct following the revocation of his community supervision. He alleges that counsel filed general notices of appeal instead of naming specific issues for appeal. (*See* Pet's supplement filed on February 5, 2007, at 4).

This ground is likewise barred by the one-year period. The timeliness of this claim is dependent on the date on which Petitioner's convictions and penitentiary sentences, which occurred after the revocation of his community supervision, became final.

On July 31, 2003, the Fifth District Court Appeals affirmed the judgments of the trial court. Petitioner's convictions became final on Saturday August 30, 2003, the last day on which he could have filed petitions for discretionary review with the Texas Court of Criminal Appeals. The one-year period began to run on August 31, 2003, the day after Petitioner's convictions became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of August 26, 2004, the date on which Petitioner filed his art. 11.07 applications (*see* Attachment I), 359 days of the one-year limitation period had elapsed. The state applications remained pending until they were denied on December 6, 2006, during which time the one-year period was tolled pursuant to

7

28 U.S.C. § 2244(d)(2).  *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).  The one-year period resumed running on December 7, 2006, and expired seven days later on December 13, 2006 – 19 days before Petitioner can be deemed to have filed the consolidated federal petitions in this case.  Therefore, Petitioner's claim of ineffective assistance of counsel following the revocation proceeding is clearly time barred absent equitable tolling.

Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling.  *Lawrence v. Florida*, 127 S.Ct. at 1085.  Petitioner delayed the filing of his state writs by practically one year after the affirmance of his judgments of convictions.  Petitioner also delayed the filing of his federal petitions by twenty-seven days following the denial of his state writs.  These delays do not constitute due diligence or rare and extraordinary circumstances warranting equitable tolling.  Therefore, Petitioner is not entitled to equitable tolling on his claim of ineffective assistance of counsel following the revocation proceedings.

(3)     State Post-Conviction Proceedings

In his last ground, Petitioner alleges the state habeas court denied him due process during the state post-conviction proceedings.  To the extent this ground is not time barred, because it arose during the pendency of the state habeas proceedings, it should be summarily dismissed. *See* Rule 4 of the Rules Governing § 2254 Proceedings.  It is well established that infirmities in collateral proceedings are not grounds for federal habeas corpus relief.  *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing *Trevino v Johnson*, 168 F.3d 173, 180 (5th Cir. 1997); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Duff-Smith v. Collins*, 973 F.2d

8

1175, 1182 (5th Cir. 1992); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984)).

RECOMMENDATION:

For the foregoing reasons it is recommended that the Petitioner's claims of ineffective assistance of counsel and voluntariness of his guilty pleas (grounds 1 and 2) be DISMISSED with prejudice as barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), and that his claim challenging the state habeas proceeding (ground 3) be summarily DISMISSED because it fails to raise a ground for federal habeas relief, *see* Rule 4 of the Rules Governing Section 2254 proceedings.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 26th day of April, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**