# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY BROWN, #1124005, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0130-N |
| | ) | (consolidated w/ |
| NATHANIEL QUARTERMAN, Director, | ) | 3:07-CV-0131-N & |
| Texas Department of Criminal Justice, | ) | 3:07-CV-0132-N) |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. As set out more fully below, the Court overrules Petitioner's objections and accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Before issuance of the findings, Petitioner was granted an opportunity to explain why his consolidated petitions should not be dismissed on statute of limitations grounds. (*See* Feb. 20, 2007 Order to Show Cause with Respect to the Statute of Limitations). The Show Cause Order directed Petitioner to explain why his case was not barred by the one-year limitations period, and why the one-year period should be tolled on equitable grounds. (*Id.*). Petitioner's March 2, 2007 response was silent as to the timeliness of his case and or any basis for equitable tolling. (Pet's Response filed Mar. 2, 2007).

In his objections, Petitioner contends that neither his appointed attorney nor the trial Judge kept their end of the bargain with respect to his underlying guilty plea. Petitioner

allegedly agreed to plead guilty because his attorney and the trial judge had promised to release him on pre-trial (PR) bonds pending sentencing. Petitioner was not released on PR bonds as promised, and he remained incarcerated until August 25, 1999, when the trial court deferred adjudicating his guilt, and placed him on a ten-year term of community supervision. (Pet's Objections at 1-2). The alleged failure to release Petitioner on PR bonds following his guilty pleas has no relation to the accrual of the one-year limitations period on the guilty plea claims alleged in his federal petition. Petitioner's objections are overruled in this regard

With respect to the revocation proceedings, Petitioner alleges that he did not sit on his rights and, despite his *pro se* status and unfamiliarity with legal proceedings, he tried to learn what he needed to do at each step of the way. Insofar as Petitioner requests equitable tolling, the Court is not persuaded by Petitioner's vague assertions. It appears Petitioner did nothing toward the filing of his art. 11.07 writs between August 31, 2003, when the one-year period began to run, and December 2003, when he was first transferred to the Allred Unit and allegedly began experiencing denial of access to the law library. (Pet's Objections at 2). Nor does Petitioner explain how long he was purportedly denied access to the law library upon his arrival at the Allred Unit. (*Id.*). On the present record, a nearly twelve-month delay in filing art. 11.07 applications, after Petitioner's revocation proceedings became final, does not demonstrate the type of extraordinary circumstances and due diligence required for equitable tolling. *Cf. Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999) (affirming refusal to invoke equitable tolling doctrine; by filing state habeas application just one day before expiration of one-year "grace period" for filing federal petition, inmate, who was represented by counsel, allowed himself little time to file federal period once state petition was denied and the tolling of grace period ended).

Next Petitioner alleges that on December 6, 2006, when the Court of Criminal Appeals

denied his art. 11.07 writs and sent notice of the denials to the Allred Unit, he was on a bench warrant to the Southern District of Texas, Corpus Christi Division, for a federal court hearing. Petitioner did not return to the Allred Unit until December 18, 2006, and did not received the white cards denial until December 29, 2006, four days before he handed his federal petition to prison officials for mailing. (Pet's Objections at 3-4).

Assuming *arguendo* that Petitioner handed his federal petition to prison officials on January 2, 2007, within four days of learning of the denial of his state applications, his diligence came too late. As noted above, Petitioner did not file his art. 11.07 writs until 359 days of the one-year period had expired, and his explanation of the nearly twelve-month delay is vague at the most. Unexplained delays make the circumstances of this case not extraordinary enough to qualify for equitable tolling.

IT IS THEREFORE ORDERED that Petitioner's objections are OVERRULED and that the Findings, Conclusions and Recommendation of the United States Magistrate Judge are ACCEPTED.

IT IS FURTHER ORDERED that Petitioner's motion to amend the petition to challenge one of the convictions used to enhance his sentence is DENIED.

SIGNED October 26, 2007.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE